

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*          *973/645-2700*
*Newark, NJ 07102*

JM/PL AGR
2010R01198

December 10, 2012

Kevin H. Marino, Esq.
Marino, Tortorella & Boyle PC
437 Southern Boulevard
Chatham, New Jersey 07928

Re:  Plea Agreement with Sameer Gupta

Dear Mr. Marino:

This letter sets forth the plea agreement between your client, Sameer Gupta, and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Sameer Gupta to a one-count information, which charges evasion of personal income taxes for tax year 2008, in violation of 26 U.S.C. § 7201. If Sameer Gupta enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Sameer Gupta for evading personal income taxes for tax years 2006, 2007, and 2009; provided (1) that Sameer Gupta admits under oath at the time of his guilty plea to evading personal income taxes for tax years 2006, 2007, and 2009; and (2) that this conduct is taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c). However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Sameer Gupta may be commenced against him, notwithstanding the expiration of the limitations period after Sameer Gupta signs the agreement.

## Sentencing

The violation of 26 U.S.C. § 7201 to which Sameer Gupta agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sameer Gupta is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Sameer Gupta ultimately will receive.

Further, in addition to imposing any other penalty on Sameer Gupta, the sentencing judge: (1) will order Sameer Gupta to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Sameer Gupta to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Sameer Gupta, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order Sameer Gupta to pay the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583, may require Sameer Gupta to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Sameer Gupta be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sameer Gupta may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Sameer Gupta agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, to the Internal Revenue Service.

- 2 -

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Sameer Gupta by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Sameer Gupta's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Sameer Gupta agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Sameer Gupta from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Sameer Gupta waive certain rights to file an appeal, collateral attack,

- 3 -

writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities.  The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sameer Gupta.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Sameer Gupta.

Prior to the date of sentencing, Sameer Gupta shall: (1) file accurate personal tax returns or amended personal tax returns for calendar years 2006 through 2009, or alternatively, enter into Forms 870, Waivers of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns for calendar years 2006 through 2009; (2) provide all appropriate documentation to

- 4 -

the Internal Revenue Service in support of such returns or
waivers, upon request; (3) pay to the Internal Revenue Service
all taxes and any penalties owed on those returns or, if unable
to do so, make satisfactory repayment arrangements with the
Internal Revenue Service; and (4) fully cooperate with the
Internal Revenue Service and comply with the tax laws of the
United States.  Further, Sameer Gupta agrees to allow the
contents of his IRS criminal file to be given to civil attorneys
and support staff of the Internal Revenue Service to enable them
to investigate any and all civil penalties that may be due and
owing by Sameer Gupta.  With respect to disclosure of the
criminal file to the Internal Revenue Service, Sameer Gupta
waives any rights under Title 26, United States Code, Section
7213 and Fed. R. Crim. P. 6(e), and any other right of privacy
with respect to Sameer Gupta's tax returns and return
information.

        Sameer Gupta further agrees that in order to resolve
his civil liability for failing to file Reports of Foreign Bank
and Financial Accounts, Forms TD F 90-22.1, for tax years 2005
through 2008, he will pay a fifty percent penalty for the one
year with the highest balance in the account as of June 30 of
calendar years 2005 through 2008.  The parties agree that the one
year with the highest balance in the account as of June 30 was
the calendar year 2006, and the highest balance in the account in
that year was $518,090; therefore, the penalty owed is $259,045.
In order to resolve his civil liability, the defendant agrees to
pay this penalty in advance of sentencing in this matter.

No Other Promises

        This agreement constitutes the plea agreement between
Sameer Gupta and this Office and supersedes any previous
agreements between them.  No additional promises, agreements, or
conditions have been made or will be made unless set forth in
writing and signed by the parties.

                                Very truly yours,

                                PAUL J. FISHMAN
                                United States Attorney


                                BY:  JOSEPH MACK
                                Assistant U.S. Attorney


- 5 -

APPROVED:

Maureen Ruane
Unit Chief, Health Care and Government Fraud


        I have received this letter from my attorney, Kevin H.
Marino, Esq. and I have read it.  My attorney and I have
discussed it and all of its provisions, including those
addressing the charge, sentencing, stipulations, waiver, and
immigration consequences.  I understand this letter fully.  I
hereby accept its terms and conditions and acknowledge that it
constitutes the plea agreement between the parties.  I understand
that no additional promises, agreements, or conditions have been
made or will be made unless set forth in writing and signed by
the parties.  I want to plead guilty pursuant to this plea
agreement.


AGREED AND ACCEPTED:

Sameer Gupta

                                    Date:


        I have discussed with my client this plea agreement and
all of its provisions, including those addressing the charge,
sentencing, stipulations, waiver, and immigration consequences.
My client understands this plea agreement fully and wants to
plead guilty pursuant to it.


Kevin H. Marino, Esq.

                                    Date:


- 6 -

## Plea Agreement With Sameer Gupta

### Schedule A

1.    This Office and Sameer Gupta agree to stipulate to the following facts:

a.    The tax loss from the offense was more than $200,000 but less than $400,000.

b.    The offense involved sophisticated means.

2.    In exchange for the undertakings made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. Notwithstanding this waiver provision, the parties reserve any right they may have under 18 U.S.C. § 3742 to challenge any aspect of the sentence that falls outside of any applicable statutory minimum or maximum term of imprisonment, term of supervised release, or fine.  The parties also reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.